IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| ALVIN W. JORDAN and<br>CAROL L. JORDAN, | : | BANKRUPTCY NO.: 5-05-bk-52315 |
| DEBTORS | : | |
| CHARLES A. SZYBIST, ESQ.,<br>TRUSTEE OF THE BANKRUPTCY<br>ESTATE OF ALVIN W. JORDAN and<br>CAROL L. JORDAN, | : | {**Nature of Proceeding**: Defendant's Motion for Summary Judgment} |
| PLAINTIFF | : | |
| vs. | : | |
| UNITED STATES OF AMERICA, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-07-ap-50010** |

# OPINION

Alvin and Carol Jordan are in Chapter Seven bankruptcy. They find themselves owing considerable tax debt which has taken the form of a tax lien against virtually all of their property. Their Chapter Seven Trustee, Charles Szybist, has filed this Adversary against the United States of America (USA) asking the Court to implement the marshaling of assets. "The equitable doctrine of marshaling rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Sowell v. Federal Reserve Bank*, 268 U.S. 449, 456-457, 45 S.Ct. 528, 530, 60 L.Ed. 1041 (1925).

The USA, as earlier suggested, has filed a tax lien which encumbers all the assets of the Debtors. Those assets include an Individual Retirement Account (IRA) as well as

Defined Benefit Plans. The IRA and the Defined Benefit Plans have been claimed as exempt by the Debtors and cannot be liquidated by the Trustee, but are subject to the federal tax lien. Moreover, there are a number of other items that are non-exempt but subject to the government lien. Those items include a Kawai grand piano, a 1994 Kubota L4200 Loader, a 1996 Dodge truck, and a Pompano Beach, Florida timeshare interest.

The Trustee has exercised his powers as a lien creditor under 11 U.S.C.A. § 544(a). Standing in those shoes, the Trustee seeks to compel the USA to liquidate the pension plans and other exempt property. In theory, this would allow the tax lien to be substantially paid, freeing up the nonexempt assets for the benefit of the remaining creditors.

Marshaling is a concept that has been recognized by the Supreme Court. *Meyer v. U.S.*, 375 U.S. 233, 236, 84 S.Ct. 318 (U.S.N.Y. 1963). Nevertheless, the *Meyer* Court did point out the Supreme Court "has never applied the doctrine of marshaling to federal income tax liens . . . ." *Id.* at 237, 321. In fact, two Courts of Appeal have held that the marshaling doctrine cannot be applied to the United States to prevent enforcement of its tax lien against any property. *Ackerman v. United States*, 424 F.2d 1148 (9th Cir.1970); *United States v. Herman*, 310 F.2d 846 (2nd Cir.1962); *United States v. Valley Nat'l Bank (In re Decker)*, 199 B.R. 684 (9th Cir. BAP 1996). An Eighth Circuit BAP stands in contrast to that position. *Ramette v. United States (In re Bame)*, 279 B.R. 833, 837 (8th Cir. BAP 2002).

While the *Ackerman* and *Herman* cases are oft-cited for containing a "per se" rule against marshaling as to federal tax liens, the Supreme Court in *Meyer* has strongly implied that the application of marshaling is best done on a case-by-case analysis.

"[Marshaling] is applied only when it can be equitably fashioned as to all of the parties." *Meyer*, *supra*, at 237.

The United States has moved for summary judgment, substantially based on the argument that marshaling cannot be utilized with regard to federal tax liens. While the Second and Ninth Circuit have implied that such might be the case, those circuits have also relied on the "extreme" or "substantial" burden that marshaling would place on the government tax collector. I find that the dispositive motion before me can allow no room to make such a finding. I simply am unaware of the so-called "burden" that marshaling may cause the government.

That is not to say that the Trustee will have an effortless road to secure a marshaling order. As *Meyers* made clear, the interest of all parties must be taken into account when considering marshaling. More specifically, the exemption rights of the Debtors cannot be ignored. That will be for another day.

Suffice it to say that, short of a trial, the Court has no way of measuring the all-important equitable principles which guide the Court in implementing marshaling.

My Order is attached denying the government's Motion for Summary Judgment and setting trial.

Date: December 27, 2007

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*